1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| CARY A. JARDIN, | **CASE NO: 10-CV-2552-IEG (WVG)** |
| Plaintiff, | |
| vs. | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |
| DATALLEGRO, INC. and STUART FROST, | [Doc. No. 35] |
| Defendants. | |

17
18
19
20
21
22
23
24
25
26
27
28

Presently before the Court is Plaintiff's motion for leave to file a First Amended Complaint ("FAC").  Specifically, Plaintiff seeks to add a claim for slander of title.  Defendants oppose Plaintiff's motion.  The motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons stated below, the Court **GRANTS** Plaintiff's motion for leave to amend.

## BACKGROUND

On December 13, 2011, Plaintiff filed his original complaint, alleging two claims for correction of inventorship under federal law and four claims arising under California law, including a claim for slander of title.  In the original complaint, the state law claims were based on allegations that Defendants misappropriated confidential information belonging to Plaintiff.  [See Doc. No. 1, ¶¶ 31, 34, 42, 72, 103-105, 170-98.]  On April 12, 2011, the Court granted Defendants' motion to dismiss

Plaintiff's state law claims, holding those claims were based on allegations of trade secret misappropriation and were thus preempted by the California Trade Secret Act.[1]  [Doc. No. 30, at 5.]

However, the Order granted Plaintiff leave to amend his state law claims "if he can identify a cognizable property interest that lies outside of trade secret law."  [Id.]

On April 28, 2011, Magistrate Judge William V. Gallo issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings in this matter.  The Scheduling Order provides that "[a]ny motion to join other parties, to amend pleadings, or to file additional pleadings shall be filed on or before May 28, 2011."  [Doc. No. 34, at 1 (emphasis in original).]  On May 13, 2011, Plaintiff filed the instant motion for leave to amend his complaint by adding a claim for slander of title.

## DISCUSSION

Federal Rule of Civil Procedure 15 allows a party to amend its pleading with leave of court after the period for amendment as a matter of course has expired.  Rule 15 provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has construed this broadly, requiring leave to amend be granted with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint.  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).  Of these factors, prejudice to the opposing party carries the greatest weight.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court finds these five factors weigh in favor of granting Plaintiff leave to amend.  The fifth factor clearly favors Plaintiff, as this is his first attempt to amend his complaint.  Regarding the first three factors, Defendants have not alleged bad faith, and they have not made a sufficient showing of undue delay or prejudice.  This case is in the early stages of litigation.  Plaintiff sought leave to amend less than one month after the Court issued its Order granting Defendants' motion to dismiss plaintiff's

---

[1] The Court's April 12, 2011, Order also denied Defendants' motion under Rule 12(e) for a more definite statement of Plaintiff's claims under federal law.

state law claims, and more than three weeks before the deadline set out in the Scheduling Order for seeking leave to amend the pleadings.[2]

Defendants argue Plaintiff's proposed amendment would be futile because the proposed slander of title claim is identical to the cause of action the Court previously dismissed as preempted under the California Trade Secrets Act.  [See Defs.' Opp'n, at 5-6.]  Plaintiff argues that, unlike the previous attempt to state a claim for slander of title, his proposed claim stems from Defendants' allegedly improper claim of inventorship rather than the alleged misappropriation of confidential information.  [See Pl.'s Reply, at 4-6.]  Thus, Plaintiff's proposed slander of title claim appears to rest on a different legal theory than did his original claim, and it is not immediately clear that Plaintiff's proposed amendments would be futile.  Defendants' challenges to the sufficiency of Plaintiff's proposed claim are more appropriately addressed on a subsequent motion to dismiss.

Therefore, the Court **GRANTS** Plaintiff leave to amend.


**IT IS SO ORDERED.**



**DATED:** 5/17/11

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2] Defendants correctly note that they were required to answer or otherwise respond to Plaintiff's remaining claims within fourteen days from the Court's April 12, 2011, Order.  See [Defs.' Opp'n, Doc. No. 36, at 4]; Fed. R. Civ. P. 12(a)(4).  However, Defendants provide no authority supporting their contention that Rule 15(a)(2) required Plaintiff to seek leave to amend within the same period of time, and nothing in the text of Rule 15 supports Defendants' argument.  See [Defs.' Opp'n, at 4]; Fed. R. Civ. P. 15(a)(2) (discussing requirements for a party seeking leave to amend without imposing a time limit).